# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No. 11-cv-01453-REB-KMT

DERRICK A. QUALS,
HYBRID FINANCE, LIMITED, a British Virgin Islands company, and
F CUBED.ca INVESTMENTS, LIMITED, a Canadian company,

      Plaintiffs,

v.

GEOFFREY H. LUNN,
MICHAEL SCHMIDT,
VINCENT CURRY, and
WGC GROUP, INC., a Nevada corporation,

      Defendants.

---

## ORDER DENYING WITHOUT PREJUDICE
## MOTIONS FOR DEFAULT JUDGMENT

---

**Blackburn, J.**

The matters before me are (1) **Plaintiff Hybrid Finance, Ltd.'s Motion for Default Judgment** [#20][1] filed September 9, 2011; (2) **Plaintiff's Quals's Motion for Default Judgment Against Defendants Lunn, Curry, and WGC Group** [#21] filed September 14, 2011; (3) **Plaintiff F Cubed's Motion for Default Judgment** [#22] filed September 27, 2011; and (4) **Plaintiffs' Motion To Amend Motions for Default Judgment To Include Award of Attorney's Fees** [#23] filed November 1, 2011 . I deny the substantive motions for default judgment without prejudice and deny the motion to amend as moot.

---

[1] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  Plaintiffs duly served the corporate defendant, WGC Group, Inc., in accordance with Fed. R. Civ. P. 4(h)(1), and the individual defendants, Vincent Curry and Geoffrey Lunn, as required by Fed. R. Civ. P. 4(e)(1).  (*See* Dkt. #8 & #10, filed June 20, 2011, & Dkt. # 11, filed July 6, 2011.)  Defendants have failed to answer or otherwise respond within the time permitted by law, and, thus, have admitted the factual allegations of the complaint other than those relating to damages.  *See* FED. R. CIV. P. 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996).  Entry of default pursuant to Fed. R. Civ. P. 55(a) was made by the Clerk of the Court as to WGC Group, Inc., and Lunn on July 12, 2011 [Dkt. #13] and as to Curry on July 25, 2011 [Dkt. #18].  Plaintiffs, therefore, are entitled to seek default judgment against these defendants pursuant to Fed. R. Civ. P. 55(b).

Plaintiffs each claim that the facts now admitted in the complaint prove up the substantive elements of their claims for breach of contract.  "[A] party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff."  *Western Distribution Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo.1992) (citations omitted).  However, I cannot find that the allegations – now admissions – of the complaint conclusively establish that any of the defaulting defendants is liable for breach of contract.

The complaint establishes that in October and November, 2010, each plaintiff

2

invested in a high-yield investment scheme designated as the ".44 MAGNUM Leveraged Financing Program," which was offered by a fictitious entity known as Dresdner Financial.com.  In connection with these investments, plaintiffs each executed two written agreements – the ".44 Magnum Agreement and Procedures" (the "Agreement") and the ".44 MAGNUM ASSURANCE LETTER Letter of Guarantee and Performance Insurance Contract" (the "Guarantee").  Yet the allegations regarding these two documents do not provide a conclusive basis for establishing liability of the defaulting defendants.

The Agreement allegedly provided that non-performance thereof was attributable to Dresdner Financial.com and its "partners or officers."  (**Complaint** ¶¶ 11-16 at 2-4.) Yet the facts admitted by the complaint do not clearly establish that any of the defaulting defendants is a "partner[] or officer[]" of Dresdner Financial.com.[2]  Defendant Lunn is alleged to be the owner and operator of defendant WGC Group, Inc., which owned the bank account into which plaintiffs transferred their ill-fated investments with Dresdner. However, the complaint contains nothing suggesting that Lunn or WGC Group were "partners or officers" of Dresdner.[3]  As regards defendant Curry, he is alleged to have been "alternatively identified as the manager or the executive corporate advisor of Dresdner Financial."  (*Id.* ¶ 17 at 4.)  These titles do not clearly convey Curry's status as a partner or officer of the company, and neither do the allegations that F Cubed and

---

[2]  It is not alleged who signed any of the Agreements on behalf of Dresdner Financial.com, and copies of those documents are not appended to the complaint or otherwise of record.

[3]  The closest the complaint comes is the allegation that plaintiff Quals "was repeatedly advised that the head of the entire Dresdner operation was Defendant Lunn."  (**Complaint** ¶ 19 at 5.)  The admission that Quals was thus advised, however, does not establish that Lunn was in fact a partner or officer who might be liable on the Agreement or otherwise.

Quals dealt primarily with Curry in making their investments. (*Id.* ¶¶ 18 at 4 & 19 at 5.)

I perceive similar issues with respect to the Guarantees. There is no allegation regarding who may have signed the Guarantee provided to Quals, and no copy of this or any of the other Guarantees are part of the record before me. (***See id.*** ¶ 20 at 5.) The Guarantee that plaintiff Hybrid Finance, Ltd., executed allegedly was signed by defendant Michael Schmidt, who has not been served in this matter, as chief operating officer of Dresdner Financial.com. (*Id.* ¶ 15 at 3-4.) Finally, although F Cubed's Guarantee purportedly was executed by defendant Curry on behalf of Dresdner, in the absence of or more specific allegation and/or a copy of the Guarantee itself, it is not possible to say whether Curry can be held individually liable for breach thereof or merely signed as an agent of the corporation. (***See id.*** ¶ 18 at 4-5.)

It may be that plaintiffs meant to establish liability via an alter ego argument based on the allegation that Dresdner Financial.com was wholly fictitious and without any legal status. However, they have not advanced such an argument in their motions, and even if they were not represented by able and competent counsel, I would be disinclined to formulate arguments on their behalf. Should plaintiffs choose to refile their motions, they would be well advised to ensure that they demonstrate more particularly how the matters now admitted in the complaint prove each and every element of at least one of their claims for relief.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff Hybrid Finance, Ltd.'s Motion for Default Judgment** [#20] filed September 9, 2011, is **DENIED WITHOUT PREJUDICE**;

4

2.  That **Plaintiff's Quals's Motion for Default Judgment Against Defendants Lunn, Curry, and WGC Group** [#21] filed September 14, 2011, is **DENIED WITHOUT PREJUDICE**;

3.  That **Plaintiff F Cubed's Motion for Default Judgment** [#22] filed September 27, 2011, is **DENIED WITHOUT PREJUDICE**; and

4.  That **Plaintiffs' Motion To Amend Motions for Default Judgment To Include Award of Attorney's Fees** [#23] filed November 1, 2011, is **DENIED AS MOOT**.

Dated January 31, 2012, at Denver, Colorado.

**BY THE COURT:**

Rob Blackburn

Robert E. Blackburn
United States District Judge