**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-1453-REB-KMT

DERRICK a. QUALS,

HYBRID FINANCE, LIMITED,
    an Israeli company,

and F CUBED.ca INVESTMENTS, LIMITED
    a Canadian company,

    Plaintiffs,

v.

WGC GROUP, INC.
    a Nevada company,

GEOFFREY H. LUNN,

MICHAEL SCHMIDT,

and VINCENT CURRY

    Defendants.

---

**ORDER GRANTING PLAINTIFF F CUBED.CA
INVESTMENTS, LTD'S SECOND MOTION FOR DEFAULT JUDGMENT**

---

**Blackburn, J.**

    The matter before me is **Plaintiff F Cubed.ca Investments, Ltd.'s Second Motion for Default Judgment** [#26][1] filed April 6, 2012. I grant the motion.

    I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff duly served the corporate defendant WGC Group Inc. in

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

accordance with Fed. R. Civ. P. 4(h)(1)(B), and the individual defendants Vincent Curry and Geoffrey Lunn as required by Fed. R. Civ. P. 4(e)(2)(a).[2]  Defendants have failed to answer or otherwise respond within the time permitted by law, and thus have admitted the factual allegations of the complaint other than those relating to damages.  **See FED. R. CIV. P**. 8(d); **see also Burlington Northern Railroad Co. v. Huddleston**, 94 F.3d 1413, 1415 (10th Cir. 1996).  Entry of default pursuant to Fed. R. Civ. P. 55(a) was made by the clerk of the court on July 13, 2011, as to WGC and Lunn [#13] and on July 25, 2011, as to Curry [#18].  Plaintiff therefore is entitled to default judgment against these defendants pursuant to Fed. R. Civ. P. 55(b).

Of the various theories of recovery plead in the complaint, I find and conclude that the averments of fact in the complaint are sufficient to establish the elements of unjust enrichment under Colorado law, that is, that defendants received a benefit, at the plaintiff's expense, under circumstances that would make it unjust for defendants to retain the benefit.  **Jorgensen v. Colorado Rural Properties, LLC**, 226 P.3d 1255, 1258 (Colo. App. 2010).[3]  Essentially, unjust enrichment allows for restitution under circumstances where the benefit to the defendant was derived to the unfair detriment of the plaintiff.  **See Bolsa Resources, Inc. v. AGC Resource, Inc.**, 2011 WL 6370409 at *4 (D. Colo. Dec. 20, 2011.)

Plaintiff thus seeks to recover the $250,000 it invested in the fraudulent scheme perpetuated by defendants.  I find and conclude that plaintiff is entitled to this amount as

---

[2] It appears from the docket that named defendant Michael Schmidt has never been served.

[3] However, the averments of fact in the complaint are not sufficient to establish plaintiff's claims for breach of contract or civil theft.

damages. Plaintiff also is entitled to pre-judgment interest from the date defendants wrongfully withheld funds, that is, November 23, 2010,[4] until the date of payment or the date judgment is entered, whichever occurs first.  *See* §5-12-102(1)(b), C.R.S.  *See also Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 825 (Colo. 2008).  In addition, plaintiff is entitled to post-judgment interest and costs as provided by law.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff F Cubed.ca Investments, Ltd.'s Second Motion for Default Judgment** [#26] filed April 6, 2012, is **GRANTED**;

2. That default judgment **SHALL ENTER** on behalf of plaintiff F Cubed.ca Investments Limited, a Canadian company, against defendants, WGC Group, Inc., a Nevada corporation, Geoffrey H. Lunn, and Vincent Curry, on plaintiff's claim for relief for unjust enrichment;

3. That plaintiff is **AWARDED** damages against defendants WGC Group, Inc., Geoffrey H. Lunn, and Vincent Curry, jointly and severally, in the amount of $250,000;

4. That plaintiff is **AWARDED** pre-judgment interest on the principal amount set forth in paragraph 3 above at the rate of eight per cent (8%) per annum, compounded annually, from November 23, 2010, until the date of payment or the date of judgment, whichever first occurs;

---

[4] Although plaintiff requests that pre-judgment interest run from "October, 2010," the evidence establishes that the $250,000 was wired to Curry on October 12, 2010.  The promise allegedly made was that the investment would be returned, with substantial interest, in "thirty banking days," which in the absence of proof to the contrary, I interpret to mean thirty business days.  The funds were not wrongfully withheld, as required by § 5-12-102(1)(b), C.R.S., until after this period elapsed.  Thirty business days after October 12, 2010, was November 23, 2010.

5. That plaintiff further is **AWARDED** post-judgment interest as provided by 28 U.S.C. § 1961 on the principal amount set forth in paragraph 3 above from the date of this order until the judgment is paid in full; and

6. That plaintiff is AWARDED its costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated June 6, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge